# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT DELAWARE

| | |
|---|---|
| **OROSTREAM LLC,** | C.A. NO. _____ |
| Plaintiff, | |
| v. | **PATENT CASE** |
| **DAILYMOTION INC.,** | **JURY TRIAL DEMANDED** |
| Defendant. | |

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Orostream LLC files this Original Complaint for Patent Infringement against Dailymotion Inc., and would respectfully show the Court as follows:

### I. THE PARTIES

1. Plaintiff Orostream LLC ("Orostream" or "Plaintiff") is a Texas limited liability company with its principal place of business at 3401 Custer Road, Suite 125-B, Plano, Texas 75023.

1. On information and belief, Defendant Dailymotion Inc. ("Defendant"), is a Delaware corporation with a place of business at 156 5th Ave., Suite 704, New York, New York 10010.

### II. JURISDICTION AND VENUE

2. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction of such action under 28 U.S.C. §§ 1331 and 1338(a).

3. On information and belief, Defendant is subject to this Court's specific and general personal jurisdiction, pursuant to due process and the Delaware Long-Arm Statute, due at least to its substantial business in this forum, including at least a portion of the infringements

1

alleged herein.  Furthermore, Defendant is subject to this Court's specific and general personal jurisdiction because Defendant is a Delaware corporation.

4. Without limitation, on information and belief, within this state, Defendant has used the patented inventions thereby committing, and continuing to commit, acts of patent infringement alleged herein.  In addition, on information and belief, Defendant has derived substantial revenues from its infringing acts occurring within Delaware.  Further, on information and belief, Defendant is subject to the Court's general jurisdiction, including from regularly doing or soliciting business, engaging in other persistent courses of conduct, and deriving substantial revenue from goods and services provided to persons or entities in Delaware.  Further, on information and belief, Defendant is subject to the Court's personal jurisdiction at least due to its sale of products and/or services within Delaware.  Defendant has committed such purposeful acts and/or transactions in Delaware such that it reasonably should know and expect that it could be haled into this Court as a consequence of such activity.

5. Venue is proper in this district under 28 U.S.C. § 1400(b). On information and belief, Defendant is incorporated in Delaware.  On information and belief, from and within this District Defendant has committed at least a portion of the infringements at issue in this case.

6. For these reasons, personal jurisdiction exists and venue is proper in this Court under 28 U.S.C. § 1400(b).

### III.  COUNT I
### (PATENT INFRINGEMENT OF UNITED STATES PATENT NO. 5,768,508)

7. Plaintiff incorporates the above paragraphs herein by reference.

8. On June 16, 1998, United States Patent No. 5,768,508 ("the '508 Patent") was duly and legally issued by the United States Patent and Trademark Office.  The '508 Patent is titled "Computer Network System and Method for Efficient Information Transfer." The

application leading to the '508 Patent was filed on April 11, 1997. A true and correct copy of the '508 Patent is attached hereto as Exhibit A and incorporated herein by reference.

9. Orostream is the assignee of all right, title and interest in the '508 patent, including all rights to enforce and prosecute actions for infringement and to collect damages for all relevant times against infringers of the '508 Patent. Accordingly, Plaintiff possesses the exclusive right and standing to prosecute the present action for infringement of the '508 Patent by Defendant.

10. The '508 patent has been cited as prior art during the prosecution history of over 100 subsequently-issued United States patents, including patents assigned to IBM, Intel, Facebook, Gateway, Hitachi, Microsoft, Nokia, Oracle, and Veritas Software.

11. **Direct Infringement.** Upon information and belief, Defendant has been directly infringing at least claim 26 of the '508 patent in the State of Delaware and elsewhere in the United States, by making and/or using a content distribution system over the Internet, including the system and application for the Dailymotion service ("Accused Instrumentality"), which performs a method of connecting an information provider and a user node of a computer network, performed by a master program. Defendant registers a user when the user signs up for the Accused Instrumentality. The Accused Instrumentality receives a node ID (*e.g.*, an IP address or device information) from the user node. The Accused Instrumentality accesses its master database for the profile information corresponding to the node ID (*e.g.*, language, birthdate, country). The names of available videos (*e.g.*, videos of entities that the user follows) are target information references that correspond to a user profile and are transmitted to the user node through the master node (Defendant's access to its online servers). The target information references are pointers to target information to be delivered to the user node, for example the

shows (*i.e.*, downloaded/transferred) to be watched at the user node.  In order to allow non-target information to transfer without causing additional communication delay, the Accused Instrumentality uses adaptive bit rate streaming, which varies the quality of the video transferred (*e.g.*, size of the video transferred) based on factors such as the status of the network and communication quality with the user node, thus allowing transfer of non-target information without any additional communication delay.  The non-target information can be either additional information provided by Defendant (*e.g.*, Defendant's web page) or information provided by a third party to Defendant's customers while Defendant is providing target information.

12. Plaintiff has been damaged as a result of Defendant's infringing conduct. Defendant is thus liable to Plaintiff for damages in an amount that adequately compensates Plaintiff for such Defendant's infringement of the '508 patent, *i.e.*, in an amount that by law cannot be less than would constitute a reasonable royalty for the use of the patented technology, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

13. On information and belief, Defendant has had at least constructive notice of the '508 patent by operation of law, and there are no marking requirements that have not been complied with.

## IV.  JURY DEMAND

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

## V.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court find in its favor and against Defendant, and that the Court grant Plaintiff the following relief:

a.  Judgment that one or more claims of United States Patent No. 5,768,508 have been infringed, either literally and/or under the doctrine of equivalents, by Defendant;

b.  Judgment that Defendant account for and pay to Plaintiff all damages to and costs incurred by Plaintiff because of Defendant's infringing activities and other conduct complained of herein;

c.  That Plaintiff be granted pre-judgment and post-judgment interest on the damages caused by Defendant's infringing activities and other conduct complained of herein; and

d.  That Plaintiff be granted such other and further relief as the Court may deem just and proper under the circumstances.

August 19, 2017

OF COUNSEL:

David R. Bennett
Direction IP Law
P.O. Box 14184
Chicago, IL 60614-0184
(312) 291-1667
dbennett@directionip.com

STAMOULIS & WEINBLATT LLC

 */s/ Stamatios Stamoulis*
Stamatios Stamoulis
Two Fox Point Centre
6 Denny Road, Suite 307
Wilmington, DE 19809
(302) 999-1540
stamoulis@swdelaw.com

*Attorneys for Plaintiff Orostream LLC*